UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANUEL MENDOZA, et al.,

             Plaintiffs,

   v.

MICROSOFT INC,

             Defendant.

CASE NO. C14-316-MJP

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Defendant Microsoft Inc.'s motion to dismiss. (Dkt. No. 50.) Having reviewed the motion, response (Dkt. No. 54), reply (Dkt. No. 56), and all related papers, the Court GRANTS the motion.

**Background**

Defendant Microsoft owns and operates a well-known gaming portal called Xbox LIVE, which provides streaming video via internet access, online gaming services, online video rental services, and online video services. (Dkt. No. 1 at 1.) Plaintiffs are former subscribers to X-Box LIVE. (Id. at 14-15.) They allege Microsoft retained and disclosed "their names, addresses,

ORDER GRANTING MOTION TO DISMISS- 1

1    credit information, billing addresses, and video programming viewing histories after cancellation

2    of their membership services with Microsoft's X-Box LIVE Gaming System." (Id. at 2.) The

3    Complaint further claims:

4        This information [personally identifiable information] is sold by Microsoft for profit, shared with other vendors, sold to data mining companies, and used to
5        populate Microsoft's new Search engine known as "Bing" with data, data markers, metrics, demographic information, and custom-tailored search results
6        and advertising.

7    (Id. at 3.) Plaintiffs also contend that Microsoft's privacy policy is "unclear" and "located

8    piecemeal in various sections of its corporate website and hidden in a third-level webpage not

9    usually seen by consumers." (Id. at 6-10.) Plaintiffs do not identify when these alleged events

10   occurred, how the disclosures happened, to whom the information was disclosed/sold, or even

11   that Plaintiffs' own information was disclosed and personal knowledge of such disclosure and

12   retention. (Id. at 1-15.)

13       Plaintiffs claim Microsoft's practices violated the Video Privacy Protection Act

14   ("VPPA"), California Customer Records Act ("CCRA"), California Unfair Competition Law

15   ("UCL"), and Texas Deceptive Trade Practices Act ("DTPA"). They seek to certify a national

16   class action comprised of "all individuals and entities in the United States and its territories that

17   have cancelled their subscriptions to Microsoft's services." (Id. at 15.)

18       B. Procedural Posture

19       Plaintiffs filed this lawsuit in the United States District Court for the Western District of

20   Texas. (Dkt. No. 1.) Microsoft initially moved for dismissal under 28 U.S.C. § 1406(a) or to

21   transfer to this District. (Dkt. No. 23 at 10.) Microsoft withdrew its motion to dismiss before the

22   Texas District Court reached the merits. The Court granted the motion to transfer. (Id.)

23

24

Microsoft now moves to dismiss on two theories: (1) the Court lacks jurisdiction where Plaintiffs fail to satisfy Article III's standing requirements and should be dismissed under Fed. R. Civ. P. 12(b)(1); and (2) the complaint fails to state a claim. (Dkt. No. 50.) Plaintiffs counter that the complaint is sufficient to establish standing. (Dkt. No. 54.) The Court does not reach Plaintiffs' other argument—that the Fed. R. Civ. P. 12(b)(6) motion is procedurally improper— because the Court dismisses the Complaint under Fed. R. Civ. P. 12(b)(1).

## Discussion

I.   Legal Standard Motion to Dismiss Under 12(b)(1)

Federal courts are courts of limited jurisdiction. Gunn v. Minton, ––U.S. ––, 133 S.Ct. 1059, 1064 (2013) (citation omitted). As such, this Court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1038 (9th Cir. 2004). A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. Id. "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" Pride v. Correa, 719 F.3d 1130, 1133 n. 6 (9th Cir. 2013) (quoting Safe Air for Everyone, 373 F.3d at 1039)).

Microsoft's jurisdictional challenge is to Plaintiffs' standing under Article III. To establish Article III standing, a plaintiff must show (1) a concrete injury that is actual or imminent and not hypothetical; (2) fairly traceable to the defendant's allegedly wrongful conduct; (3) that is likely to be redressed by a favorable decision. Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560–61 (1992). "A plaintiff must demonstrate standing for each claim" and "for each form of relief sought." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006).

Defendant makes two challenges to Plaintiffs' standing. First, it makes a factual challenged to the Court's jurisdiction over the claims of Plaintiffs Manuel Mendoza and Frank Ortega, who Microsoft argues never had X-Box LIVE accounts. (Dkt. No. 50 at 14.) Second, Microsoft makes a facial challenge to the insufficiency of the pleadings. It argues Plaintiffs have not alleged a particularized injury. (Id. at 15-17.)

B. Standing of Mendoza and Ortega

Microsoft's challenge to Plaintiff Manuel Mendoza and Frank Ortega's standing is based on the company's own records, which lack any record of Mendoza or Ortega subscribing to Xbox LIVE. (Dkt. No. 50 at 14.) Microsoft argues Mendoza or Ortega cannot assert claims when they never purchased the X-Box LIVE services. (Id.)

Plaintiffs Mendoza and Ortega have the burden of proving that the Court has subject matter jurisdiction, including the standing requirements of Article III. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir 2001). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. See Terenkian v. Republic of Iraq, 694 F.3d 1122, 1131 (9th Cir. 2012). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 fn. 2 (9th Cir. 2003).

Both Mendoza and Ortega offer declarations to establish they had X-Box LIVE accounts. Ortega represents "I subscribed to Microsoft's X-Box Live service. My screen name was Sebian09." (Dkt. No. 54-8 at 2.) Likewise, Mendoza states, "I subscribed to Microsoft's X-Box Live service. I do not remember my screen name." (Id. at 3.) Plaintiffs also claim to have other evidence regarding their accounts, which they will "provide these records to Microsoft" in discovery. (Dkt. No. 54 at 25.) In response, Microsoft presents additional evidence that the screen name "Sebian09" never existed. (Dkt. No. 57.)

This case is in the early stages and the Court finds Mendoza and Ortega have sufficiently established that they subscribed to X-Box Live. Lujan, 504 U.S. at 561 (Plaintiffs' burden of proof is commiserate with the level of proof required at each stage of the proceedings). Both state under penalty of perjury they subscribed to the Microsoft service, which for purposes of a motion to dismiss is sufficient. (Dkt. No. 54-8 at 2-3.) The Court therefore DENIES the motion on this ground without prejudice. Nonetheless, as discussed below, their claims still fail to establish standing under Article III's injury-in –fact requirement and are dismissed.

C. Plaintiffs Fail to Allege Particularized Injury

The first prong of Article III's standing requirement—an injury-in-fact—demands a Plaintiff establish (1) "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. " Lujan, 504 U.S. at 560.

Turning to the CCRA and UCL claims, the Parties agree that under the Ninth Circuit's decision in Edwards v. First Am. Corp., 610 F.3d 514, 517 (9th Cir. 2010), a plaintiff may establish injury-in-fact based on violations of these statutes. (Dkt. Nos. 50 at 15, 54 at 16.) In applying Edwards, however, courts within the Circuit require a plaintiff to allege facts to show

the claimed statutory injury is particularized as to them. Jewel v. National Security Agency, 673 F.3d 902, 908 (9th Cir. 2011); Burton v. Time Warner Cable Inc., 2013 WL 3337784, *7 (C.D. Cal. 2013)(addressing CCRA claim), In re Hulu Privacy Litigation, 2012 WL 2119193, *8 (N.D.Cal., 2012)(addressing VPPA claim). Consequently, courts will find a plaintiff has met Article III's requirement for particularized injury when the facts alleged in the Complaint establish that the violations occurred as to the individual plaintiff. See Jewel, 673 F.3d at 908.

The Court finds that the Complaint fails to identify an injury that is actual or imminent and particularized. Plaintiffs offer broad conclusory statements and formulaic recitations of the VPPA and CRRA statues. Plaintiffs do not allege a single fact to support their allegation that Microsoft allegedly retained and disclosed personally identifiable information. Absent is any allegation as to who Microsoft disclosed this information to, when the disclosures occurred, and how they occurred, let alone that these acts particularly injured the named Plaintiffs. (Dkt. No. 1.) Indeed, a vast majority of Plaintiffs' allegations appear to derive from "information or belief" or conjecture based on Microsoft's privacy policies. For example, the Complaint alleges:

> 40. Indeed, Microsoft's privacy policy goes on to state that: "Microsoft may retain your personal information for a variety of reasons, such as to comply with our legal obligations, resolve disputes, enforce our agreements, and as long as necessary and to provide services." The Privacy Policy also states, "Please keep in mind that this information is not a complete description of our practices." Armed with this knowledge that Microsoft indefinitely retains X-Box Live subscribers' data, <u>inherent in and the logical inference of this statement is that Microsoft continues to profit from the use of its former subscribers' personal information</u>, including their video programming viewing histories, even though these individuals have closed their accounts and cancelled their subscriptions with X-Box Live and Microsoft.

(Dkt. No. 1 at 11)(emphasis added). This and other of Plaintiffs' broad allegations fail to allege with particularity how Microsoft violated the VPPA and CCRA as to each Plaintiff. See Burton, 2013 WL 3337784 at *7; contra Low v. Linkedin Corp., 900 F.Supp.2d 1010, 1021 (N.D. Cal.

2012)(Plaintiff alleged concrete injury when complaint contained specific examples of information transmitted to third-parties and how Defendant used this information).

Plaintiffs attempt to save their claims by attaching news articles and authenticated printouts from websites and referring to their motion for class certification. (Dkt. Nos. 54-1-54-9.) A facial Rule 12(b)(1) motion like the one at issue here "confine[s] the inquiry to allegations in the complaint." Savage, 343 F.3d at 1039 n.2. Consequently, the Court does not "look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" or the Motion for Class Certification. Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The documents Plaintiffs offer in response to this motion are not incorporated into the Complaint and the Court does not consider them. (See e.g. Dkt. No. 1 makes no reference to comScore or a Beacon program.) In sum, the Court finds Plaintiffs failed to allege sufficient facts to establish a particularized injury under Article III for the VPPA and CRRA claims.

The Court also finds that Plaintiffs lack standing to bring their UCL and DTPA claims. To establish standing under the UCL, a plaintiff must allege that she "suffered injury in fact and [] lost money or property as a result of the unfair competition." Cal. Bus. & Prof.Code § 17204; see also In re iPhone Application Litigation, 2013 WL 6212591, * 6 (N.D.Cal .2013); Birdsong v. Apple, Inc., 590 F.3d 955, 959–60 (9th Cir. 2009). Likewise, Texas law requires a plaintiff to allege specific injury to have standing under DTPA. See Martin v. Home Depot U.S.A., Inc., 369 F. Supp. 2d 887 (W.D. Tex. 2005) (citing Martin v. Ford Motor Co., 914 F.Supp. 1449 (S.D.Tex. 1996) (Texas law precludes a claim where there is no injury). Yet, Plaintiffs allege no particularized injury caused by Microsoft allegedly violating these consumer laws. Plaintiffs instead cursorily state they have "suffered injuries." (Dkt. No. 1 at 19.) This is insufficient to

1  establish injuries for UCL and DTPA claims.  Because Plaintiffs have not pled any facts to

2  establish a concrete injury-in-fact under Article III and as required by the specific statutes, the

3  Court DISMISSES Plaintiffs' UCL and DTPA claims.

**Conclusion**

The Court GRANTS the motion and DISMISSES Plaintiffs' claims on the grounds they fail to allege sufficient facts to establish Article III standing.  The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>11th</u> day of September, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING MOTION TO DISMISS- 8